IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) CIVIL ACTION NO. <u>3:19-cv-150</u> |
| PACIFIC SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COMES NOW, Defendant Pacific Specialty Insurance Company (**"PSIC"** or **"Defendant"**), and pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), removes this case from the 243rd Judicial District Court of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division. In support of this removal, PSIC respectfully offers this Court the following:

### I.
### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

**1.** This case presents an insurance-coverage dispute between Plaintiff Elizabeth Hernandez (**"Plaintiff"**) and PSIC. *See* **Exhibit B** (Pl. Orig. Pet.). Plaintiff's residence was insured under an insurance policy issued by PSIC. *Id.* at ¶5. Plaintiff alleges that, "[o]n or about November 4, 2016, Plaintiff sustained extensive physical damage to the insured Property when strong supercell thunderstorms moved through the El Paso

County, Texas area producing heavy rains, and damaging wind and hail." *Id.* at ¶8. Plaintiff subsequently filed a claim on her insurance policy, and Plaintiff now alleges PSIC "wrongfully denied Plaintiff's claim for full repairs to the Property[.]" *Id.* at ¶¶9-10.

2.  On January 4, 2019, Plaintiff filed this lawsuit in State court. *Id.* at p. 1. Plaintiff is asserting causes of action against PSIC for breach of contract, violations of the Texas Insurance Code, fraud, and breach of the common law duty of good faith and fair dealing. *Id.* at ¶¶22-36. In her Petition, Plaintiff alleges she "seeks only monetary relief, the maximum of which is not more than $74,999.00." *Id.* at ¶48. However, on May 28, 2019, Plaintiff's responses to written discovery revealed the amount in controversy actually exceeds $75,000. *See* **Exhibit F.** PSIC therefore now files this Notice of Removal, because there is complete diversity of citizenship between the parties, and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## II.
### GROUNDS FOR REMOVAL

3.  Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1332(a).

**A.      Amount in Controversy Exceeds $75,000**

4.  As noted above, in an apparent attempt to prevent removal, Plaintiff alleges in her Petition that she "seeks only monetary relief, the maximum of which is not more than $74,999.00." **Exhibit B** at ¶48. Plaintiff, however, did not file a binding stipulation with her Petition indicating he would not seek or accept more than $75,000. *Id.* PSIC can

prove by a preponderance of the evidence that the actual amount in controversy exceeds $75,000. *See* 28 U.S.C. 1332(c)(2)(B) ("removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332 (a)."); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (holding "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount.").

5.      More specifically, on May 28, 2019, Plaintiff produced an estimate indicating the amount required to repair her home (i.e. her alleged actual damages) is **$25,501.56**. *See* **Exhibit F**. In addition, Plaintiff is seeking to recover "three times her actual damages." *See* **Exhibit B** at ¶40. Three times the amount of Plaintiff's alleged economic damages is equal to **$76,504.68** as such, that amount alone exceeds the removal threshold of $75,000. *See Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09–121, 2010 WL 1790722, at *3 (S.D. Tex. May 4, 2010) ("punitive and treble damages such as those pled in this case may be considered when computing the amount in controversy"). In addition to those alleged damages, Plaintiff also seeks to recover, *inter ali*a, attorneys' fees, 18% statutory interest, and "compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for

emotional distress." *Id.* at ¶¶37-48.  Those alleged damages increase the amount in controversy even further past the jurisdictional threshold.[1]  In light of the foregoing, it is indisputable that the amount in controversy in this case exceeds $75,000. *See Whitmire v. Bank One, N.A.,* No. Civ. A. H–05–3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (economic damages of $15,370.50, together with unspecified mental anguish, treble damages, and attorney's fees, revealed an amount in controversy over $75,000).

B.   **Complete Diversity of Citizenship.**

6.   There is also complete diversity of citizenship between all parties to this lawsuit. Plaintiff is a citizen of Texas. *See* **Exhibit B** at ¶2.  PSIC is a citizen of California because it is a California corporation with its principal place of business in California. *Id.* at ¶3; *see also* 28 U.S.C. §1332(c)(1) (instructing "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").  PSIC is *not* a citizen of Texas. *Id.*

---

[1] *See also, e.g., D Tire and Automotive Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000)(explaining "[w]hen a statutory cause of action entitles a party to receive attorneys' fees the amount in controversy includes those fees."); *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1255 (5th Cir. 1998) (concluding a statutory percentage penalty must be included when calculating the amount in controversy); *U.S. Fire Ins. Co. v. Villegas,* 242 F.3d 279, 284–85 (5th Cir. 2001) (concluding that punitive damages may properly be considered in determining whether the amount in controversy exceeds $75,000); *Coburn v. Am. Gen'l Life and Acc. Ins. Co.*, No. H-12-CV-3678, 2013 WL 2289937, at *2 (S.D. Tex. May 22, 2013)(Relying on numerous authorities in the Fifth Circuit to explain that "[i]ncluded in the amount of controversy are penalties, statutory damages, punitive damages, potential attorney's fees, and treble damages under the DTPA and the Texas Insurance Code.").

### III.
### VENUE IS PROPER

7. Venue is proper in this Court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending. Specifically, the 243rd El Paso County Judicial District Court is within the district and division of the United States District Court of the Western District of Texas, El Paso Division. *See* 28 U.S.C. §124(d)(3).

### IV.
### PSIC HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

8. As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon PSIC are attached to this Notice of Removal, and includes the following:

- **Exhibit A:** Docket sheet from State court;
- **Exhibit B:** Plaintiff's Original Petition;
- **Exhibit C:** Proof of Service on PSIC;
- **Exhibit D:** PSIC's Original Answer;[2]
- **Exhibit E:** Orders from State court; and
- **Exhibit F:** Plaintiff's repair estimate (produced in discovery).

9. Upon filing this Notice of Removal, PSIC will also file its Corporate Disclosure Statement, as required under Federal Rule of Civil Procedure 7.1.

---

[2] On February 11, 2019, PSIC filed an Answer in the State court proceeding. *See* **Exhibit D**; FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

10. On filing of this Notice of Removal, PSIC will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

11. In the event this Court subsequently identifies a defect in this Notice of Removal, PSIC respectfully requests this Court to grant PSIC leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

12. By filing this Notice of Removal, PSIC does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## V.
### CONCLUSION

WHEREFORE, Defendant PSIC represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the 243rd Judicial District Court of EL Paso County to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN, P.L.L.C.**
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-9260 Facsimile

By:  */s/ Ryan C. Bueche*
      Ryan C. Bueche
      State Bar No. 24064970
      rbueche@germer-austin.com
      R. Chad Geisler
      State Bar No. 00793793
      cgeisler@germer-austin.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record via facsimile and/or electronic mail on this 5th day of June, 2019.

      */s/ Ryan C. Bueche*
      Ryan C. Bueche